## SILVERSTEEN v MOUNT et

Ohio Appeals, 1st Dist, Warren Co

No 178. Decided Oct 18, 1935

Maple & Maple, Lebanon, and Stanley A. Silversteen, Cincinnati, for plaintiff in error.

Arthur Bryant, Lebanon, for defendant in error.

## OPINION

By HAMILTON, J.

Had the moratorium statute been in effect on March 5th, the order would not have been insufficient. Neither is the order of March 13th, although the statute was in effect on that day, a proper order. The statute, the effective date of which was March 13, 1935, provides:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered. However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution against real property is had, on or before the first day of February, 1935, may, after a full hearing, and upon such terms and conditions as may be fixed by the court, order that the sale be postponed .* * *."

In neither of the orders here complained of were the orders made after a full hearing. Neither do they designate any terms and conditions. The orders are, therefore, insufficient in law to postpone the sale. However, the sheriff was justified in postponing the sale under the order of the court, although the order may have been erroneously entered.

Our conclusion is, that the errors pointed out require the setting aside of the order of March 5th, 1935 and the entry approved March 13th, 1935. The orders will be set aside and the case remanded to the Court of Common Pleas of Warren County for further proceedings according to law.

We are not, however, holding that a new application may not be filed under the moratorium statute, as amended.

Judgment reversed and cause remanded.

ROSS, PJ, and MATTHEWS, J, concur.